

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ANTONIO MADERA

                                      Plaintiff,

        -against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CORRECTION OFFICER SMALL, SHIELD #17585, CORRECTION OFFICER JOHNSON, CORRECTION OFFICER JOHNSON (2), CORRECTION OFFICER MCKEE, CORRECTION OFFICER PEARSON, CORRECTION OFFICER STEWART, CORRECTION OFFICER MILLER, JOHN DOE CORRECTION OFFICERS ##1-10, ASSISTANT DEPUTY WARDEN CUIN,

                                      Defendants.

**COMPLAINT AND JURY DEMAND**

ECF CASE

-----------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and the Fourth, Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a series of incidents beginning on or about November 19, 2006, and continuing through about December 21, 2006, in which Officers of the New York City Department of Correction ("D.O.C.") acting under color of state law, intentionally and willfully subjected conspired and subjected plaintiff to, among other things, excessive force, assault, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant was an inmate in the custody of the Department of Correction.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City D.O.C., and, as such, was a policy maker with respect to training, supervision, and discipline of D.O.C. officers, including the other individual defendants. Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters and was responsible for the appointment, training, supervision, and conduct of all D.O.C. personnel, including the defendants referenced herein. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of

applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of D.O.C., and for ensuring that D.O.C. personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his individual and official capacities.

10. Assistant Deputy Warden Cuin ("ADW Cuin") was at all times here relevant an assistant deputy warden at the Robert N Davoren Center ("RNDC"). As assistant deputy warden, his responsibilities included supervision of correction officers, captains, and other supervisors with respect to the care, custody and control of prisoners confined in the jail. These responsibilities were and are required to be carried out in a manner consistent with the legal mandates that govern the operation of D.O.C. jails, including D.O.C. directives and orders governing the use of force, the reporting of use of force, and the Board of Correction Minimum Standards. ADW Cuin is sued in his individual and official capacities.

11. All other individual defendants ("the officers") are correction officers and captains employed by the D.O.C., and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

### NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## EXHAUSTION

14. Correction officer on inmate assaults and inmate on inmate assaults are non-grievable under New York City DOC's Inmate Grievance Resolution Program.

## FACTUAL ALLEGATIONS

15. On or about November 19, 2006, Correction Officer Small ("C.O. Small") formed an agreement with inmates at RMDC to allow plaintiff to be assaulted. She ordered plaintiff to enter the dayroom at Quad 1 Upper, then knowingly allowed inmates to assault plaintiff while she sat outside the dayroom, only intervening when a Captain was arriving.

16. On or about December 8, 2006, plaintiff was assaulted by Correction Officer Johnson ("C.O. Johnson"), who smacked plaintiff in the face twice. Correction Officer Johnson ("C.O. Johnson"), another Correction Officer named Johnson ("C.O. Johnson 2"), and Correction Officer McKee ("C.O. McKee") and Correction Officer Pearson ("C.O. Pearson") then assisted in covering up the incident by refusing to allow plaintiff to go to the clinic for medical attention.

17. On or about December 20, 2006, ADW Cuin visited inmate, and directed him to say that nothing had happened, and gave him an "inmate voluntary statement" form to fill out.

18. On or about December 21, 2006, Correction Officer Miller ("C.O. Miller") agreed with other inmates to allow the other inmates to assault plaintiff, which they did. C.O. Miller subsequently smacked plaintiff repeatedly.

19. At all times during the events described above, the Correction Officers were engaged in a joint venture and formed an agreement with each other and with other inmates to violate plaintiff's constitutional rights. The individual officers assisted each other in performing

the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers and other inmates against plaintiff.

20. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff, and with deliberate indifference to a known threat of physical injury from other inmates. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   b. Violation of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures;

   c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of his New York State Constitutional right under Article 1, Section 12, to be free from unreasonable searches and seizures;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

21. The above paragraphs are here incorporated by reference.

22. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff

5

under 42 U.S.C. §§1983 and sections six and twelve, Article 1, of the New York State Constitution.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983- MUNICIPAL AND SUPERVISORY LIABILITY)

24. The above paragraphs are here incorporated by reference.

25. The City, the Commissioner, and the Assistant Deputy Warden are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

26. The City, the Commissioner, and the Assistant Deputy Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

27. The aforesaid event was not an isolated incident. The City, the Commissioner, and the Warden have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City, the Commissioner, and the Warden insufficiently discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although that is standard procedure for reviewing inmate statements. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim and also does not supply any outcome of the investigation to the complaining witness. The City, the Commissioner, and the Assistant Deputy Warden are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have

6

failed to take corrective action. This failure and these policies caused the officers and inmates in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

The City, the Commissioner, and the Assistant Deputy Warden knew or should have known that the officers who caused plaintiff's injuries had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, and the Assistant Deputy Warden failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

28. The City, the Commissioner, and the Assistant Deputy Warden have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

29. The City has a policy of representing correction officers through Corporation Counsel instead of paying outside counsel, which means Corporation Counsel's duty to the individual officers prevents it from reporting problem officers to the Department of Correction. In addition, there is no formal reporting mechanism between the Comptroller's office and the Department of Correction regarding the financial loss by the City as a consequence of officers' conduct. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, the Commissioner, and the Assistant Deputy Warden to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

30. The City, the Commissioner, and the Assistant Deputy Warden have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

## FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

41. All preceding paragraphs are here incorporated by reference.

42. Defendants formed an agreement with each other and with other inmates to act under color of law to violated plaintiff's rights pursuant to Article 1, §§6 and 12 of the New York State Constitution.

43. A damages remedy here is necessary to effectuate the purposes of Article 1, §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

44. The above paragraphs are here incorporated by reference. Defendant officers had a bad disposition and the D.O.C. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

45. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

46. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 U.S.C. §1983 and the New York State Constitution.

48. The injury to plaintiff was caused by the officers' foreseeable use of excessive

9

force and conspiracy with inmates to inflict harm on other inmates.

## SEVENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

49. The above paragraphs are here incorporated by reference. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         February 12, 2008

TO:   New York City Corporation Counsel
      100 Church Street, 4th floor
      New York, NY 10007

      Commissioner Martin Horn
      60 Hudson Street
      New York, NY 10013

      Correction Officer Small, Shield #17585

      Assistant Deputy Warden Cuin

Yours, etc.,

Stoll, Glickman & Bellina, LLP
By: Andrew Stoll, AS 8808
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com

11