UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTONIO MADERA,

                                Plaintiff,

                   -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CORRECTION OFFICER SMALL, SHIELD #17585,
CORRECTION OFFICER JOHNSON, CORRECTION
OFFICER JOHNSON (2), CORRECTION OFFICER
MCKEE, CORRECTION OFFICER PEARSON,
CORRECTION OFFICER STEWART, CORRECTION
OFFICER MILLER, JOHN DOE CORRECTION
OFFICERS #1-10, ASSISTANT DEPUTY WARDEN
CUIN,

                             Defendantss.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

08-CV-1509 (PKC)(THK)

        The City of New York and Martin F. Horn, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit plaintiff purports to proceed as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the complaint.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit plaintiff purports to base venue as stated therein.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff was in DOC custody on November 19, 2006.

8.      Admit the allegations set forth in paragraph "8" of the complaint.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that Martin Horn was and is the Commissioner for the New York City Department of Correction and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the duties and responsibilities of the Commissioner of the New York City Department of Correction.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit plaintiff purports to proceed as stated therein.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that defendants Correction Officer Small, Shield #17585 was employed by DOC on November 19, 2006, and further admit that plaintiff purports to proceed as stated therein.

12.     Deny the allegations set forth in paragraph "12" of the complaint and respectfully refers all questions of law to the Court.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except admit that a purported Notice of Claim was received in the Office of the Comptroller of the City

of New York on or about January 17, 2007, and further admit that the purported claim has not been settled or otherwise disposed of.

14.     Admit the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint, including all subparts.

21.     In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-20" inclusive of their answer, as if fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-23" inclusive of their answer, as if fully set forth herein.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.[1]

31.     In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-30" inclusive of their answer, as if fully set forth herein.

32.     Deny the allegations set forth in paragraph "42" of the complaint.

33.     Deny the allegations set forth in paragraph "43" of the complaint.

34.     Deny the allegations set forth in paragraph "44" of the complaint and repeat and reallege the responses set forth in paragraphs "1-33" inclusive of their answer, as if fully set forth herein.

35.     Deny the allegations set forth in paragraph "45" of the complaint.

36.     Deny the allegations set forth in paragraph "46" of the complaint.

37.     Deny the allegations set forth in paragraph "47" of the complaint.

38.     Deny the allegations set forth in paragraph "48" of the complaint.

39.     Deny the allegations set forth in paragraph "49" of the complaint and repeat and reallege the responses set forth in paragraphs "1-37" inclusive of their answer, as if fully set forth herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

---

[1] Plaintiff's complaint skips from Paragraph 30 to Paragraph 41.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

42.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion, therefore it is entitled to state law good faith immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

43.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

44.     Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

45.     Plaintiff cannot recover punitive damages from defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

46.     Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

47.     Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

48.     Commissioner Martin Horn was not personally involved in the purported allegations.

**WHEREFORE,** defendants City of New York and Martin Horn request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
              April 17, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-161
                              New York, New York 10007
                              (212) 788-1573

                        By:    /s/ Leticia J. Santiago
                                  Leticia J. Santiago
                                  Senior Counsel

To:  Andrew Stoll, Esq. (by ECF)
      71 Nevins Street
      Brooklyn, New York  11217